# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA HEATH<br><br>Plaintiff,<br><br>vs.<br><br>CROSSROADS CORRECTIONS CENTER and CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendants. | Cause No. CV 11-00034-GF-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff Joshua Heath's Motion to Proceed in Forma Pauperis (C.D. 1) and proposed civil rights Complaint (C.D. 2). The Motion to Proceed in Forma Pauperis will be granted and the Complaint recommended for dismissal for failure to state a claim upon which relief may be granted.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Heath's federal constitutional rights by denying him recreation for three days thereby subjecting Defendants to liability under 42 U.S.C. § 1983.

ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT –
CV 11-00034-GF-SEH-RKS / PAGE 1

Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C). This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Heath submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Heath is required to pay the statutory filing fee of $350.00. Mr. Heath submitted account statements showing average monthly deposits of $32.81 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $6.56 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Heath's account and forward it to the Clerk of Court.

Thereafter, Mr. Heath must make monthly payments of 20% of the

preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Heath to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. PARTIES

Mr. Heath is a prisoner proceeding without counsel. The named defendants are Crossroads Correctional Center and Corrections Corporation of America.

### B. ALLEGATIONS

Mr. Heath alleges he was denied recreation because of "security" on February 19, 20, and 21, 2011. He contends the "security" issue was that Crossroads was understaffed. He states the Warden told him that even if understaffing was the problem, Crossroads was required under Department of Corrections and Montana State Prison policies to allow inmates one hour a day outside. (C.D. 2, p. 2).

Mr. Heath contends that working out is a mental and physical stress remover for him. He states he suffers from ADD and Borderline Personality Disorder and recreation helps him keep his stress levels down. He alleges that even missing just

one day of recreation affects his emotional state to where his ADD gets worse and his BPD causes depression and anger. (C.D. 2, p. 2).

Mr. Heath is seeking an injunction against Crossroads requiring that they follow MSP/DOC and BOP policies for recreation. He also seeks punitive damages for mental stress.

**IV. SCREENING PER 28 U.S.C. § 1915(e)(2)**

As Mr. Heath is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

    Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles."  Iqbal, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluated under Iqbal).

ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT –
CV 11-00034-GF-SEH-RKS / PAGE 6

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

### A. Denial of Recreation

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834, 114 S.Ct. 1970. This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter,

sanitation, medical care, and personal safety." Hoptowit, 682 F.2d at 1246; Farmer, 511 U.S. at 833, 114 S.Ct. 1970; Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir.1981).

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." Allen, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 835, 114 S.Ct. 1970.

With regard to the objective criteria, the Ninth Circuit has stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." Spain, 600 F.2d at 199 (holding that prisoners in long-term and continuous segregation must be provided regular outdoor exercise unless "inclement weather, unusual circumstances, or disciplinary needs" make it impossible). "Although exercise is 'one of the basic human necessities protected by the Eighth Amendment' . . . a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (twenty-two days insufficient to establish Eighth Amendment

violation) (quoting LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)).  Here, Plaintiff alleges that he was denied recreation for a period of three days.  Clearly, a three-day denial of recreation, without more, is insufficient to state an Eighth Amendment claim.  But Mr. Heath alleges even missing one day of recreation effects his emotional state causing his ADD to get worse and his borderline personality disorder to cause depression and anger.  While the May case did not define "medical effects," it is simply implausible that a three-day denial of recreation could possibly cause sufficient "medical effects" to establish a substantial deprivation.

Even if Mr. Heath could meet the objective requirement, he cannot establish the subjective requirement.  Mr. Heath does not allege that any prison official was made aware of any excessive risk to his heath.  Mr. Heath alleges he was denied recreation on February 19, 20, and 21.  In his February 20, 2011 informal resolution form attached to his Complaint, Mr. Heath complains about the denial of recreation but does not mention any medical conditions or how they would worsen without recreation.  It certainly would not be obvious that a three-day denial of recreation would put Mr. Heath at a substantial risk of serious harm.  Without any knowledge of a potential medical effect, Defendants could not have been

deliberately indifferent to an excessive risk to Mr. Heath's health or safety.

### B. Failure to Follow DOC Policies

Mr. Heath also seems to contend that Defendants violated the Montana Department of Corrections and Montana State Prison policies regarding recreation. The violation of prison policy is not in and of itself actionable under Section 1983. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (" 'To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress' ") (quoting Lovell v. Poway Unified School District, 90 F.3d 367, 370 (9th Cir. 1996)); Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet guidelines or follow regulations "would not alone constitute a denial of due process") (dictum).

## VI. CONCLUSION

Mr. Heath has failed to state a claim upon which relief could be granted. The defects in the Complaint could not be cured by amendment. Accordingly, Mr. Heath's Complaint should be dismissed with prejudice.

A.     **"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because Mr. Heath has failed to state a claim.

B.  **Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Heath failed to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Heath's Motion for Leave to Proceed in Forma Pauperis (C.D. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on May 16, 2011.

3. At all times during the pendency of this action, Mr. Heath SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Heath has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Heath's Complaint (C.D. 2 ) should be dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Heath's failure to state a claim upon which relief can be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Heath's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is

frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Heath may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 6th day of June, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge